IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| SHARON KUENSTLER JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:04cv634(JCC) |
| ) | |
| CARL D. BROWN and ) | |
| LISA M. KNOCK, ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants' Motion to Dismiss the Complaint or For Summary Judgment and Plaintiff's Motion for Summary Judgment.  For the following reasons, the Court will grant Defendants' Motion to Dismiss the Complaint and deny the cross motions for summary judgment as moot.

**I.  Background**

Plaintiff Sharon Kuenstler Johnson filed suit against Defendants Carl D. Brown and Lisa M. Knock to recover $99,340.26 allegedly advanced to the Defendants for business and/or household expenses.

Johnson was employed by Brown, beginning in October 1997, in the State of California.  She claims that she advanced the funds to Brown in order to assist him in the operation of his

business.[1]  At some point, the parties moved to Virginia, where Brown continued to manage a financial advisory business.  Johnson claims that she continued to advance funds to the Defendants in conjunction with the establishment of their new office in Virginia.

Johnson seeks to recover the $99,340.26 allegedly advanced as well as attorneys' fees.  Johnson asserts that she maintained a "book account" or "open account," in which she recorded the funds advanced to Brown based upon an agreement that he would repay Johnson as soon as he got his business in operation.  Though not referenced in the Complaint, the bases for Johnson's cause of action are California Code Section 1717.5 and California Code of Civil Procedure Sections 337(2) and 337a. (*See* Pl.'s Br. Supp.[2] at 1-2).

In her Second Amended Motion for Summary Judgment, Johnson states that her suit is also based on an agreement between the parties and detrimental reliance by Johnson on the statements and conduct of Brown, in addition to the aforementioned provisions of the California Codes.  (*See* Pl.'s Second Am. Mot. Summ. J. at 1-2).

---

[1] Johnson has repudiated her earlier claim, contained in the Complaint, that she entered into a partnership agreement with Knock, Brown's wife.

[2] This is a reference to Plaintiff's brief in support of her motion for summary judgment, filed March 10, 2005.  Plaintiff also filed a "second amended motion for summary judgment," ("Pl.'s Second Am. Mot. Summ. J."), on the same day.

In her motion for summary judgment, Johnson argues that the Defendants have not provided any evidence to support a denial of Plaintiff's allegations. The Defendants argue, *inter alia*, that Johnson has failed to allege: (1) the existence of a contract; (2) that the money advanced was a loan; or (3) that there was ever a meeting of the minds of the parties as to the terms of the repayment of the money supposedly advanced. The Defendants also argue that Johnson's claims are time barred.

## II.  Standard of Review

Rule 12(b) provides that a motion making any Rule 12(b) defenses shall be made before pleading if a further pleading is permitted. Fed. R. Civ. P. 12(b). However, Rule 12(h)(2) provides that the defense of failure to state a claim upon which relief can be granted as set forth in Rule 12(b)(6) may be raised "by motion for judgment on the pleadings, or at the trial on the merits." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)(citing Fed. R. Civ. P. 12(h)(2); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 at 514-15 (2d ed. 1990)). A Rule 12(c) motion to dismiss for failure to state a claim upon which relief may be granted is governed by the same standard applied to a Rule 12(b)(6) motion. *See id.* (citations omitted).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30

F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)(citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

Rule 12(c) states that if matters outside the pleadings are presented to and not excluded by the court, the court must treat the motion as one for summary judgment and must provide all parties reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Fed. R. Civ. P. 12(c).

### III. Analysis

Defendants contend that Johnson's Complaint fails to state a claim upon which relief can be granted. In ruling on the Defendants' Rule 12(c) motion to dismiss, the Court will exclude all matters outside the pleadings.

Essentially, Johnson alleges the following:

(1) She advanced money to the Defendants for several years, beginning in October 1997, (Compl. at 2);

(2) Defendants acknowledged their indebtedness to Plaintiff while in California, (Id.);

(3) After the parties moved to Virginia, Plaintiff continued to advance funds to the Defendants, (Id.); and

(4) After Plaintiff ceased advancing funds to the Defendants, on various occasions, the Defendants acknowledged the indebtedness. (Id.)

Because this case is before the Court on diversity jurisdiction pursuant to 28 U.S.C. § 1332, the law of each state in which the cause of action arose is binding on the Court. California's statute of limitations on actions to recover upon "book accounts" is four years from the date of the last account entry. *See* CAL. CIV. PROC. CODE § 337(2)(2005).

> The term "book account" means a detailed statement which constitutes the principal record of one or more transactions between a debtor and a creditor arising out of a contract or some fiduciary relation, and shows the debits and credits in connection therewith, and against whom and in favor of whom entries are made, is entered in the regular course of business as conducted by such creditor or fiduciary, and is kept in a reasonably permanent form and manner and is (1) in a bound book, or (2) on a sheet or sheets fastened in a book or to backing but detachable therefrom, or (3) on a card or cards of a permanent character, or is kept in any other reasonably permanent form and manner.

CAL. CIV. PROC. CODE § 337a (2005).

California law requires that a Plaintiff plead an open book account in order to rely on such a theory. *See Tsemetzin v. Coast Fed. Sav. & Loan Ass'n.*, 57 Cal. App. 4th 1334, 1343

5

(1997). The Complaint, however, is void of any reference to a "book account." Accordingly, Johnson may not proceed upon this theory. Therefore, Johnson's California law contract action is time barred. California's statute of limitations on oral contracts is two years. *See* Cal. Civ. Proc. Code §§ 335, 339 (2005). Plaintiff concedes that she filed her Complaint after California's two year statute of limitations on oral contract actions expired.

Plaintiff's Virginia law contract claim, to the extent she brings one, must also be dismissed, because Johnson's Complaint fails to allege the existence of any contract, written or verbal.

The Court will dismiss the Complaint, but will grant Plaintiff leave to file an Amended Complaint to properly state her claims.

### V. Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss the Complaint and deny the cross motions for summary judgment as moot. An appropriate Order will issue.

April _____, 2005             \_\_\_\_\_/s/ James C. Cacheris_____
Alexandria, Virginia            UNITED STATES DISTRICT COURT JUDGE