```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      Alexandria Division
```

SHARON KUENSTLER JOHNSON,     )
                              )
     Plaintiff,               )
                              )
          v.                  )     1:04cv634 (JCC)
                              )
CARL D. BROWN, ET AL.,        )
                              )
     Defendants.              )

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants' motion to dismiss or for summary judgment and on Plaintiff's motion for summary judgment. For the reasons stated below, the Court will grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment.

### **I. Background**

Plaintiff Sharon Kuenstler Johnson filed suit against Defendants Carl D. Brown and Lisa M. Knock to recover funds allegedly advanced to the Defendants for business and/or household expenses. Johnson claims that she advanced funds to the Defendants aggregating $99,340.26.[1]

Johnson was employed by Brown, beginning in October 1997, in California where he ran a financial advisory business.

---

[1] Johnson is a resident of Texas. Brown and Knock are residents of Virginia. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(2004).

In February 2001, the parties moved to Virginia, (Brown Dep. at 55), where Brown continued to manage a financial advisory business until she moved to Texas in April 2002.  Johnson claims that she advanced at least $99,340.26 as loans to Defendants Brown and Knock from October 1997 through April 2002 in order to assist Brown in the operation of his business.  Johnson claims that she continued to advance funds to the Defendants in conjunction with the establishment of their new office in Virginia.  Brown and Knock are husband and wife.  Johnson alleges that she made payments to and on behalf of Knock personally.

      Johnson asserts that she maintained a "book account" based upon an agreement with Brown that he would repay Johnson as soon as he got his business in operation.  Johnson used "Quicken," a bookkeeping software program, to keep track of all money she advanced or spent for or on behalf of the Defendants.  Johnson claims that the document she maintained using the program is a book account under California law.  The document is titled, "Register."  It lists several transactions and provides a date, description of each transaction, increase or decrease amount, and balance after each transaction.  (*See* Am. Compl., Ex. 1).

      Johnson alleges that Brown knew of Johnson's expenditures on his and Knock's behalf, that he acknowledged the fact of such advances as loans, and that he agreed and

represented to Johnson that he would repay her. She testified that on one occasion Brown told her that "as soon as we get things going, I appreciate your support, and you'll get your money back." (Johnson Dep. at 25).

Johnson alleges that after she moved to Texas in April 2002, she was in contact with the Defendants and asked them about repayment. Johnson alleges that on one occasion, Brown, on behalf of himself and Knock, acknowledged the debt and instructed Johnson to procure a promissory note for them to sign under which they could make payments until the debt was paid. In April 2003, Johnson requested her Texas counsel in the instant case to prepare and present to the Defendants a promissory note. However, the Defendants then refused to sign the note and contacted an attorney.

Johnson filed her initial Complaint in Texas on March 29, 2004. The case subsequently was transferred to this Court on Johnson's unopposed motion. On April 25, 2005, the Court granted the Defendants' motion to dismiss the Complaint, denied cross-motions for summary judgment, and granted Johnson 10 days to file an Amended Complaint.

On May 4, 2005, Johnson timely filed an Amended Complaint alleging claims for a book account under California law and breach of contract under Virginia law. Johnson seeks to recover the $99,340.26 allegedly advanced as well as attorneys'

fees.  On May 13, 2005, Brown and Knock filed separate Answers to the Amended Complaint.  In the same pleadings, Brown and Knock included Counterclaims against Johnson alleging that Johnson lived with them in 2001 and 2002 in their house in Virginia and that Johnson is indebted to them for the fair rental value of room and board during that time.  On May 13, 2005, Brown and Knock filed a motion to dismiss or for summary judgment on the California book account and Virginia breach of contract claims alleged in the Amended Complaint.  On May 24, 2005, Johnson filed a motion for summary judgment on the book account count in the Amended Complaint.  These motions are currently before the Court.  Neither side filed a motion regarding Defendants' Counterclaims.

## II. Standard of Review

Rule 12(b) provides that a motion making any Rule 12(b) defenses shall be made before pleading if a further pleading is permitted.  Fed. R. Civ. P. 12(b).  However, Rule 12(h)(2) provides that the defense of failure to state a claim upon which relief can be granted as set forth in Rule 12(b)(6) may be raised "by motion for judgment on the pleadings, or at the trial on the merits."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)(citing Fed. R. Civ. P. 12(h)(2); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 at 514-15 (2d ed. 1990)).  A Rule 12(c) motion to dismiss for failure to state a claim upon which relief may be granted is

governed by the same standard applied to a Rule 12(b)(6) motion. *See id.* (citations omitted).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Rule 12(c) states that if matters outside the pleadings are presented to and not excluded by the court, the court must treat the Defendants' motion as one for summary judgment and must provide all parties reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Fed. R. Civ. P. 12(c). According to the Fourth Circuit, "'reasonable opportunity' includes 'some indication by the court to 'all parties' that it is treating the 12(b)(6) motion as a motion for summary judgment,' with the consequent right in the opposing party to file counter affidavits or to pursue reasonable discovery." *Plante v. Shivar*, 540 F.2d 1233, 1235 (4th Cir. 1976)(quoting *Johnson v. RAC Corp.*, 491 F.2d 510, 513 (4th Cir. 1974)).

Where a pleading is captioned alternatively as a

summary judgment motion, the Court need not advise the parties of its intent to treat the motion as one for summary judgment, because it "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260 (4th Cir. 1998). Once on notice, an attorney has the responsibility, if he or she believes further discovery is necessary to adequately oppose summary judgment, to make a motion under Rule 56(f). *Id.*

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Applications & Serv., Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996)(citations omitted). In reviewing the record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant." *Brock v. Entre Computer Ctrs.*, 933 F.2d 1253, 1259 (4th Cir. 1991)(citations omitted).

The very existence of a scintilla of evidence or of unsubstantiated conclusory allegations, however, is insufficient to avoid summary judgment. *Anderson*, 477 U.S. at 248-52. Rather, the Court must determine whether the record as a whole

could lead a reasonable trier of fact to find for the non-movant. *Id.* at 248.

### III. Analysis

Because the Court will consider matters outside the pleadings, i.e. the depositions of Johnson and Brown, the Court must treat the motion as one for summary judgment.[2] Since Defendants have captioned their motion alternatively as a summary judgment motion, the Court need not advise the parties of its intent to so treat the Defendants' motion. Moreover, Johnson has filed her own motion for summary judgment so both sides have had a reasonable opportunity to present all material pertinent to a motion for summary judgment.

Defendants argue that the Amended Complaint should be dismissed because: (1) it fails to allege that conditions precedent to Defendant's liability have occurred; (2) it mixes equitable with legal claims; (3) it does not allege how Brown had legal authority to bind Knock; and (4) it alleges no legal basis for attorneys' fees.

Defendants argue that their motion for summary judgment should be granted because: (1) the loans were actually gifts; (2) the claim is time barred because the Register is not a book account; and (3) the claim as to the first several alleged

---

[2] The Court notes that neither party has complied with the local rules which require them to submit a listing of undisputed material facts in conjunction with their motions for summary judgment. Local Rule of Practice 56(B)(E.D. Va. February 15, 2005).

transactions in Virginia is time barred.

Plaintiff argues that her motion for summary judgment should be granted because: (1) there is a valid book account; (2) Brown had no basis to deny that he owed a debt to Johnson nor any basis to deny knowledge of a debt to Johnson; (3) Brown's testimony is not credible; and (4) Defendants have not identified any persons with knowledge of relevant facts or any witness who could deny the existence of the account except the Defendants, so there is no evidence available to the Defendants.

**A. Book Account**

The Amended Complaint alleges a claim for a book account under California law. Under California law:

> [t]he term "book account" means a detailed statement which constitutes the principal record of one or more transactions between a debtor and a creditor arising out of a contract or some fiduciary relation, and shows the debits and credits in connection therewith, and against whom and in favor of whom entries are made, is entered in the regular course of business as conducted by such creditor or fiduciary, and is kept in a reasonably permanent form and manner and is (1) in a bound book, or (2) on a sheet or sheets fastened in a book or to backing but detachable therefrom, or (3) on a card or cards of a permanent character, or is kept in any other reasonably permanent form and manner.

Cal. Civ. Proc. Code § 337a.

Defendants argue that the Register is not a book account because it was not kept in the regular course of business, it did not arise out of a contract or some fiduciary relation, and it is a computer printout.

One California court has indicated that a statement

contained on a computer may meet the requirements of a book account. In dicta, the California Court of Appeals explained:

> In this age of computer accounting, it is unlikely that a court would require that a book account actually be kept in a book; certainly computer memory is a reasonable substitute for the pages of a book, given that the data stored therein can always be reduced (or, more precisely, enlarged) to writing.

*Interstate Group Adm'rs, Inc. v. Cravens, Dargan & Co.*, 220 Cal. Rptr. 250, 254, n.4 (Cal. Ct. App. 1985).

The Court agrees with that reasoning and finds that even though the Register is a computer printout of data stored in a computer's memory, the data contained in the Register is sufficiently permanent to meet that requirement of a book account. *See also Am. Oil Co. v. Valenti*, 426 A.2d 305, 308-11 (Conn. 1979)(in suit to recover on a book account debt, computer print-outs summarizing the state of debtor's accounts were properly admitted under business records exception to the hearsay rule).

However, the Register must also be kept in the regular course of business and arise out of a contract or some fiduciary relation. Johnson testified in a deposition that she was Brown's administrative assistant, assistant, and office manager, (Johnson Dep. at 4), and that she used "Quicken," a bookkeeping software program, to keep track of all money she advanced or spent for or on behalf of the Defendants. (*Id.* at 36). She testified that the Register was not a record of Brown's business, but that she kept it as a record of what she felt she was owed for money she

had advanced to the business and Brown personally.  (*Id.*)
Johnson kept the Register on her computer and before she left
Brown's employ, she transferred the programs to Brown's computer.
(*Id.* at 37).  Johnson testified that Brown was aware of the
expenses on the Register and that they went over it almost
monthly.  (*Id.*)  At some time when Johnson was in Virginia, she
asked for and Brown forwarded the Register to her.  (Brown Dep.
at 7).

The Court finds that the Register is not a book account
because it was not kept in the regular course of business.  There
is no evidence that Brown directed Johnson to keep the Register
or that Brown even knew Johnson made entries in the Register
until after she had done so.  (Johnson Dep. at 36).  Johnson
admitted that the Register was not a record of Brown's business
and that it was a record of what *she felt* she was owed for money
she had advanced to the business and Brown personally.  (*Id.*
(emphasis added)).[3]

In *Costerisan v. DeLong*, 59 Cal. Rptr. 803, 805-06
(Cal. Ct. App. 1967), the California Court of Appeals held that a
folder containing ledger sheets for sales of hay containing
specific information about the load of hay delivered, ledger
sheets for deliveries of cattle made in partial payment for the

---

[3] Defense counsel erroneously represented during oral argument that the Register would have been a book account had it been printed out and shown to Brown.  Had this occurred, the Register still would not have been kept in the regular course of business.

hay, and ledger sheets listing total charges for the hay delivered, total credit for the cattle, and total credit for amounts paid, were kept in the regular course of business and met the requirement of a book account under California law.

In *Tsemetzin v. Coast Federal Savings & Loan Ass'n*, 67 Cal. Rptr. 2d 726, 731 (Cal. Ct. App. 1997), the California Court of Appeals held that a document which was clearly prepared at one time at least two years after the claim allegedly accrued and was prepared especially for inclusion in his opposition to a motion for summary judgment failed the test for a book account because it was not kept in the regular course of business.

The Supreme Court of California explained, in a case often cited as announcing the rule on the admissibility of books kept in the regular course of business, that:

> it must be shown that the books in question are books of account kept in the regular course of the business; that the business is of a character in which it is proper or customary to keep such books; that the entries were either original entries or the first permanent entries of the transactions; that they were made at the time, or within reasonable proximity to the time, of the respective transactions; and that the persons making them had personal knowledge of the transactions, or obtained such knowledge from a report regularly made to him by some other person employed in the business whose duty it was to make the same in the regular course of business.

*Chan Kiu Sing v. Gordon*, 151 P. 657, 657-58 (Cal. 1915).

Unlike the ledger sheets in *Costerisan*, the Register in this case does not meet the standard set forth in *Chan Kiu Sing* and was not made in regular course of business. Although the

Register contains some detailed information about Johnson's alleged advancements to Brown, there is no evidence that she made the entries for Brown's business.  Rather, her deposition testimony shows that it was a record she kept based on what she felt she had advanced to Brown for his business and personal affairs.  Brown did not know about the entries until after she had made them.  Although Brown's business is of a character in which it is proper and customary to keep books, Johnson did not keep the Register for Brown's business.  Since Johnson is not herself in the business of loaning money, the Register was not kept in the regular course of business.

The Register is not a book account as a matter of law and the Court will grant Defendants' motion for summary judgment and deny Plaintiff's motion for summary judgment on the book account claim.

**B. Breach of contract**

The Amended Complaint alleges a claim for breach of oral contract under Virginia law.  Johnson alleges that she loaned Brown and Knock money from October 1997 through April 2002.  From October 1997 to February 2001, all the parties lived in California.  From February 2001 to April 2002, all the parties lived in Virginia.

Defendants argue that some of the Virginia breach of contract claims are time barred by Virginia's statute of

limitations.  Although this specific argument lacks merit, the Court finds that the entire breach of contract claim is in fact barred by the statute of limitations.

When exercising jurisdiction over claims arising under state law, federal courts look to the law of the forum state to determine the applicable statute of limitations.  *See Ragan v. Merchs. Transfer & Warehouse Co.*, 337 U.S. 530, 532 (1949).  Thus this Court siting in Virginia must look to Virginia law.  In Virginia, "matters of procedure are governed by the situs of the proceedings, so the Virginia statutes of limitation apply." *Hansen v. Stanley Martin Cos., Inc.*, 585 S.E.2d 567, 571 (Va. 2003)(citations omitted)(applying Virginia's statute of limitations where contract provided that Maryland law governs the interpretations, validity and construction of the contract).

The statute of limitations in Virginia on an oral contract action is three years.  *See* Va. Code Ann. § 8.01-246 (2004).  However, Virginia has enacted a "borrowing statute" that limits actions on contract governed by the law of another state to the limitations period of that state if its time limit is more restrictive than Virginia's.  *Hansen*, 585 S.E.2d at 572 (citing Va. Code Ann. § 8.01-247).[4]

---

[4] The statute provides: "No action shall be maintained on any contract which is governed by the law of another state or country if the right of action thereon is barred either by the laws of such state or country or of this Commonwealth."  Va. Code Ann. § 8.01-247 (2004).

In an unpublished case, the Fourth Circuit explained that although there was no Virginia case law interpreting section 8.01-247, the plain meaning of the statutory language is clear. *Fiberlink Communications Corp. v. Magarity*, 24 Fed. Appx. 178, 182 (4th Cir. Dec. 27, 2001). "The statute refers to the law that governs the 'contract,' not the law that governs the claim. The law governing a contract is the law relating to the validity and interpretation of the contract itself, rather than the law regarding performance and breach." *Id.* In Virginia, the validity and interpretation of a contact are governed by the law of the state in which the contract was formed. *Lexie v. State Farm Mut. Auto. Ins. Co.*, 469 S.E.2d 61, 63 (Va. 1996).

In the instant case, Johnson alleges that she began loaning money to the Defendants pursuant to an oral contract in October 1997 in California. Thus, the alleged contract was formed in California and California law governs the contract.

The statute of limitations in California on an oral contract action is two years. *See* Cal. Civ. Proc. Code §§ 335, 339 (2004). Johnson filed her initial Complaint on March 29, 2004. Under Virginia's borrowing statute, the Court must apply California law to determine when the breach of contract claim accrued. *Hansen*, 585 S.E.2d at 572. Under California law, a breach of contract right of action accrues when the contract is

breached.  *Niles v. Louis H. Rapoport & Sons*, 128 P.2d 50, 54 (Cal. Ct. App. 1942).

In the instant case, it is unclear when the breach of contract allegedly occurred.  However, at oral argument on cross-motions for summary judgment on March 25, 2005, Johnson conceded that she filed her Complaint after California's two statute of limitations on oral contract actions expired.  Under Virginia's borrowing statute, since the breach of contract claim would be barred by California's statute of limitations, the claim is also barred in Virginia.  Accordingly, the Court will grant Defendants' motion for summary judgment on the breach of contract claim.

### IV. Conclusion

For the reasons stated above, the Court will grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment.  An appropriate Order will issue.

June 2, 2005                            _____/s/_____
Alexandria, Virginia                    UNITED STATES DISTRICT COURT JUDGE

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division
```

| | | |
|---|---|---|
| SHARON KUENSTLER JOHNSON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|        v. | ) | 1:04cv634 (JCC) |
| | ) | |
| CARL D. BROWN, ET AL., | ) | |
| | ) | |
|     Defendants. | ) | |

**O R D E R**

For the reasons stated in the accompanying Memorandum Opinion, it is hereby ORDERED that:

(1) Defendant's Motion for Summary Judgment is GRANTED;

(2) Plaintiff's Motion for Summary Judgment is DENIED; and

(3) the Clerk of the Court shall forward copies of this Order and the accompanying Memorandum Opinion to all counsel of record.

June 2, 2005                        _____/s/_____
Alexandria, Virginia                UNITED STATES DISTRICT COURT JUDGE